Bassett *v.* Abbott.

## Eliza J. Bassett *vs.* Joel F. Abbott.

A complaint under the bastardy act, (Rev. Sts. *c.* 49,) which specifies the time and place
at which the child was begotten, is supported, on a trial in the court of common pleas,
by proof that the parties had intercourse at the time and place named, and also at
another time and place, and that the child was begotten by one of these acts of inter-
course, if the complainant does not know at which of these times the child was begotten.

Complaint. under the bastardy act, Rev. Sts. *c.* 49. The orig-
inal complaint before a justice of the peace, and the complaint
filed in the court of common pleas, both described particularly
the time when and the place where the child was begotten.

At the trial in the court of common pleas, before *Byington,* J.,
the complainant, being admitted as a witness, testified that she
had sexual intercourse with the respondent at the time and place

set forth, and also at other times, in a place in another part of the same town. There was evidence, arising from her cross-examination, upon which the respondent relied, as tending to show that if he was the father of the child, it could not have been begotten at that time and place. The respondent requested the judge to instruct the jury, that to convict him, they must be satisfied that the complainant's allegation of the place at which the child was begotten was substantially proved.

The judge declined so to instruct, and instructed them that if the complainant knew with certainty, or could so know, when and by which particular act of intercourse she was begotten with child, then as she had alleged a particular place where the child was begotten, she must prove it as alleged ; but if there were the several acts of intercourse to which she has testified, all near the same time, some in the place alleged and some in another place, and it was uncertain by which particular act of intercourse she was begotten with child, and it could not be known with certainty by her, then if, on one of the several occasions on which she had testified that she had intercourse, the child was begotten, and the respondent had intercourse with her at the place alleged in the complaint, and she might have then been begotten with child, such proof would be sufficient to support the allegation in the complaint, as to place.

The jury found the respondent guilty, and he alleged exceptions.

*C. Delano,* for the respondent. The allegations of time, place and circumstances, on an examination, and more especially on the written complaint filed in the court of common pleas, under the bastardy act, being required for the especial protection of the accused, are to be treated as material and essential allegations, in the strongest sense of pleading ; and therefore, if they are unsupported by the proof, the prosecution fails. Rev. Sts. c. 49. *Stiles* v. *Eastman,* 21 Pick. 132. *Rice* v. *Chapin,* 10 Met. 5. *Earle* v. *Kingsbury,* 3 Cush. 209. *White* v. *Moseley,* 5 Pick. 230. 1 Greenl. Ev. § 63. If they need not have been made, still, having been made, they must be proved.

*C. P. Huntington,* for the complainant. The general rules of

pleading do not apply to this process. The provisions of the statute, as to time, place and circumstances, are intended merely to test the truth of the statements of the complainant, and not to declare what allegations should be material. The rule contended for would, in many cases, leave a complainant without remedy. The only material allegations are as to the paternity of the child, the accusation in the time of travail, the constancy and delivery. Rev. Sts. *c.* 49, §§ 1, 4, 5. *St.* 1851, *c.* 96. *Drowne* v. *Stimpson,* 2 Mass. 443. *Stiles* v. *Eastman,* 21 Pick. 132, 133. *Commonwealth* v. *Moore,* 3 Pick. 197. *Rice* v. *Chapin,* 10 Met. 5. *M'Managil* v. *Ross,* 20 Pick. 99. The original complaint need not be in writing, but may be reduced to writing by the justice. *Smith* v. *Hayden,* 6 Cush. 111. The complaint in the court of common pleas is not the foundation of the proceedings, but a mere mode of stating facts, and framing an issue for an orderly trial. *Chapel* v. *White,* 3 Cush. 539.

DEWEY, J.   Upon the trial of a complaint, charging the respondent with being the father of a bastard child, the issue to the jury is, whether the respondent is the father of a bastard child begotten on the body of the complainant. Rev. Sts. *c.* 49, § 4. Various provisions are found in the statute, designed to protect those who may be unjustly accused. The complainant must accuse the respondent, in the time of her travail, of being the father of her child. This is essential to the maintenance of her prosecution. She must submit herself to an examination before a justice of the peace, respecting the time when and place where she was begotten with child; but these latter particulars of the exact time and place are only material as bearing upon the credit of the complainant as a witness, and are not the matter to be found by the jury. If the time and place were erroneously stated, and under such circumstances as manifested an intention to describe the time and place falsely, or the statement was made in obvious disregard of truth, it would doubtless have its proper effect in destroying the complainant's credit as a witness; while, on the other hand, if the jury were satisfied that the complainant had at the time reason for assigning the time and place she did from sexual intercourse between the parties having

taken place there, (although the jury might upon the whole evidence find that the child was actually begotten at another place and time, not far remote, and where the parties had also sexual intercourse,) it would be competent for the jury to find the respondent guilty generally of the charge alleged against him ; and thereupon he would be adjudged the father of the child. The instructions asked by the respondent were therefore properly refused, and those given by the presiding judge were sufficiently favorable to the respondent.                    *Exceptions overruled.*